UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC ESPINOZA,

        Plaintiff,

v.

        Case No. 25-cv-552-pp

BORTZ, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE AND DENYING REQUEST TO PAY FULL FILING FEE FROM RELEASE ACCOUNT (DKT. NO. 8)**

        The plaintiff filed a letter request for an extension of time to pay his initial partial filing fee and to pay the full filing fee from his release account. Dkt. No. 8. The court will grant the plaintiff's request for an extension of time to pay the initial partial filing fee and deny his request to pay the full filing fee from his release account.

        The plaintiff states that he has $480 in his release account and "if its possible [he] would like to pay for whole filing fee" from that account. Id. The release account "is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." Wilson v. Anderson, No. 14-cv-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014). There is no statutory authorization for the plaintiff to pay the full filing fee from his release account; the purpose of that account is to make sure he has some money when he is released back into the community. Cosby v. Mayfield, Case No. 22-cv-639, 2023 WL 3955151, at

1

*1 (E.D. Wis. June 11, 2023). That purpose is reason for the court not to permit the plaintiff to use his release account to pay the full filing fee. Id.

Courts in this district, however, "have permitted incarcerated persons to use their release accounts to pay the *initial* partial filing fee." Id. As the court told the plaintiff in its original order directing him to pay an initial partial filing fee, "if the plaintiff does not have enough money in his regular trust account to pay the initial partial filing fee but *does* have enough money in his release account, the *plaintiff* is responsible for making arrangements with the authorities at the jail or prison to pay the balance of the initial partial filing fee from the release account." Dkt. No. 5 at 3. If the plaintiff does not have enough money in his regular trust account to cover the initial partial filing fee, he must use what is in his regular account and then make arrangements with his institution to pay the balance from his release account.

The court **GRANTS** the plaintiff's request for an extension of time to pay his initial partial filing fee. Dkt. No. 8.

The court **ORDERS** that the plaintiff must pay the **$23.01** initial partial filing fee in time for the court to receive it by the end of the day on August 8, 2025. If the court does not receive the $23.01 by the end of the day on August 8, 2025, the court will dismiss this case without prejudice and without further notice. The plaintiff will still be required to pay the full $350 filing fee.

The court **DENIES** the plaintiff's request to pay the full filing fee from his release account. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 9th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**