UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC ESPINOZA,

                    Plaintiff,

v.                                                                             Case No. 25-cv-552-pp

BORTZ, *et al.*,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Eric Espinoza, who is incarcerated at Columbia Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On April 22, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $23.01. Dkt. No. 5. The court received $23 on July 14, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff sues defendant Bortz, a lieutenant at Columbia; defendants Brandon Kliest, Chao and John Doe, correctional officers; and defendant Boldenson, a sergeant. Dkt. No. 1 at 3. On April 1, 2025, the plaintiff allegedly transferred to Columbia. Id. at ¶1. He alleges that that same day, he smoked "KZ" after which he "started experiencing [an] episode which is known as having outer body experience[] uncontrolled by the inmate [sic]." Id. at ¶2. The plaintiff states that during his "episode," he displayed disruptive behavior and threw up. Id. at ¶4. Columbia staff allegedly sprayed the plaintiff with "OC

3

Mark 4 incapacitating agents, tazing him as they w[ere] gaining his compliance to be restrained in handcuffs." Id.

The plaintiff states that after he was maced in his face and tased, staff placed him in a restraint chair and a spit mask was placed over his face because he was "puking." Id. at ¶5. Staff allegedly escorted the plaintiff to the restrictive housing unit and placed him in the "program room" in the restraint chair with the spit mask over his face for about forty minutes. Id. The plaintiff alleges that after being placed in the restraint chair with chemical agents burning his face with the spit mask on, he was removed from the restraint chair so that a staff assisted strip search could be conducted. Id. at ¶7. He states that he then was given a smock garment and placed in control status without receiving any decontamination. Id. at ¶8. The plaintiff says that he was not able to take a contamination shower until the next day. Id. at ¶9.

The plaintiff claims that the defendants violated his rights under the Eighth Amendment by leaving him in a restraint chair with a spit mask covering his face for forty minutes and then making him sit in a cell all night without decontamination. Id. at 6. He also claims that the defendants violated his right to equal protection because they would not have treated any other similarly situated individual the same way. Id. The plaintiff seeks compensatory damages, punitive damages and declaratory relief. Id. at 7.

C.   Analysis

The plaintiff acknowledges that he was out of control after smoking the KZ, and he does not challenge the defendants' use of OC spray and a taser to

gain compliance. See Whitaker v. Dempsey, 144 F.4th 908, 923 (7th Cir. 2025) (force used in a "good-faith effort to maintain or restore discipline" does not violate the Eighth Amendment) (citations omitted). Rather, the plaintiff challenges the defendants' failure to give him a contamination shower after spraying him with OC spray.

The plaintiff may proceed on an Eighth Amendment claim against the defendants in their individual capacities based on allegations that, after he had been sprayed in the face with OC spray, they left him in a holding cell in a restraint chair and spit mask for forty minutes and, after removing the spit mask and conducting a strip search, left him in a cell overnight without allowing him a decontamination shower. See McCloud v. Vanschoyck, Case No. 21-cv-00429, 2024 WL 229740, at *5 (S.D. Ind. Jan. 19, 2024) (denying defendants' motion for summary judgment on conditions of confinement and medical care claims where incarcerated individual not allowed to shower for three days after being sprayed with OC spray) (citing Kervin v. Barnes, 144 F. App'x 551, 552 (7th Cir. 2005) ("[D]etaining an inmate for eight hours after using chemical agents without allowing him to wash his face amounts to the wanton infliction of pain and suffering"); McNeeley v. Wilson, 649 F. App'x 717, 723 (11th Cir. 2016) (Defendants were "on notice that delaying a proper decontamination for over twenty minutes despite complaints about the effects of pepper spray could result in a clearly established constitutional violation."); Clement v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002)).

5

The plaintiff alleges that the defendants violated his right to equal protection. But although he alleges that the defendants would not have treated similarly situated incarcerated individuals the way they treated him, he does not allege that the defendants *did* treat him differently than others similarly situated, and that the treatment was not rationally related to a legitimate interest. See Flynn v. Thatcher, 819 F.3d 990, 991 (7th Cir. 2016). The plaintiff has not stated a claim for violation of his right to equal protection.

The plaintiff has sued a John Doe defendant. Once the named defendants have answered the complaint, the plaintiff will need to use discovery to identify the Doe defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Bortz, Brandon Kliest, Chao and Boldenson. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$327** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's

trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

    The court will send a copy of this order to the Warden at Columbia Correctional Institution, where the plaintiff is confined.

    The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

    The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 15th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:25-cv-00552-PP    Filed 09/15/25    Page 8 of 8    Document 11