UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC ESPINOZA,

Plaintiff,

v. Case No. 25-cv-552-pp

CHRISTOPHER BORTZ, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 36)**

---

Plaintiff Eric Espinoza, who is incarcerated at Columbia Correctional Institution and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that after he had been sprayed in the face with OC spray, the defendants left him in a holding cell in a restraint chair and spit mask for forty minutes and, after removing the spit mask and conducting a strip search, left him in a cell overnight without allowing him a decontamination shower. Dkt. No. 11 at 5. On July 31, 2026, the defendants filed a motion for summary judgment. Dkt. No. 26. On August 31, 2026, the plaintiff filed an unsigned motion to appoint counsel. Dkt. No. 36. The court received a signature page for the plaintiff's motion on September 9, 2026. Dkt. No. 36-3. The court will deny the plaintiff's motion without prejudice.

In his motion to appoint counsel, the plaintiff states that he cannot afford a lawyer, and that his imprisonment will greatly limit his ability to litigate. Dkt. 36 at 1. The plaintiff asserts that the issues involved in this case are complex and will require significant research. Id. He states that he has limited access to the law library and limited legal knowledge. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869,

871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has included the names and contact information of three lawyers he contacted. He has satisfied the threshold requirement that he make a reasonable attempt to find a lawyer on his own. The court has allowed the plaintiff to proceed on a straightforward claim regarding his allegations that the defendants sprayed him with OC spray and did not allow him a decontamination shower until the next day. The plaintiff's filings show that he can communicate well with the court and advocate for himself. He recently filed a declaration along with a provision for the Wisconsin Administrative Code policy on the use of incapacitating agents. Dkt. No. 39. And he has filed a response to the defendants' motion for summary judgment along with his own findings of fact and a response to the defendants' proposed findings of fact. Dkt. Nos. 40-42. The plaintiff's concern that he has limited legal knowledge is common to most incarcerated individuals and, standing alone, is not reason to recruit a lawyer for him. Based on the plaintiff's demonstrated abilities and the straightforward nature of his claim, the court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 36.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**